IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAY S. PETERSON, | ) | 4:11CV3071 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Jay S. Peterson's ("Peterson") "Petition to Quash IRS Third Party Summons" (Filing No. 1), and Respondent's[1] Motion to Dismiss (Filing No. 10). For the reasons stated below, the court grants Respondent's Motion to Dismiss.

### BACKGROUND

Peterson filed a "Petition to Quash IRS Third Party Summons" ("Petition") on May 9, 2011. (Filing No. 1.) The Petition attacks the sufficiency of summonses issued by Internal Revenue Agent Linda Haws to Union Bank & Trust Company ("Union Bank"), JP Morgan Chase Bank ("JP Morgan Chase"), and A&A Drug Company, Inc. ("A&A"). (*Id.* at CM/ECF pp. 2, 8, 14.) These summonses sought information concerning Peterson's income tax liabilities for 2007 through 2009.

---

[1] Peterson named the United States of America, the Internal Revenue Service, and Revenue Agent Linda Haws as Respondents in this matter. However, relief sought against the Internal Revenue Service and Revenue Agent Linda Haws is actually relief sought against the United States of America. *See DeLeeuw v. I.R.S., 681 F. Supp. 402, 403-04 (E.D. Mich. 1987)* (holding that Internal Revenue Service and revenue agents were not proper parties in tax liability case challenging third-party summons, and United States was the only proper party). The court will refer to the United States as the proper party, and direct the clerk's office to update the docket sheet accordingly.

Peterson seeks to quash the summonses based on the following grounds: (1) the Internal Revenue Service ("IRS") failed to give Peterson timely notice of the summonses as required by 26 U.S.C. § 7609(a)(1); (2) the IRS failed to notify Peterson that contact with third parties would be made, and also failed to provide him with a record of parties contacted as required by 26 U.S.C. 7602(c)(1) and (c)(2); (3) the summonses were issued in violation of 26 U.S.C. § 7602(d) because a referral for criminal prosecution to the Department of Justice was pending when the summonses were issued; (4) the IRS issued summonses in multiple jurisdictions in an attempt to thwart Peterson's ability to defend against the summonses; (5) the IRS failed to meet the good faith requirements of *U.S. v. Powell*, 379 U.S. 48 (1964); (6) the summonses were issued in violation of Peterson's federal and state privacy rights; and (7) the summonses were issued in violation of Peterson's Fourth Amendment rights. (Filing No. 1 at CM/ECF pp. 2-4, 8-10, 14-16.)

Respondent filed a Motion to Dismiss Peterson's Petition. (Filing No. 10). In support of the Motion, Respondent filed a Brief, Declaration, and Reply Brief. (Filing Nos. 11, 12, and 14.) In response to the Motion to Dismiss, Peterson filed a "Brief in Opposition to Motion to Dismiss" and a Response. (Filing Nos. 13 and 16.) This matter is fully submitted.

## *ANALYSIS*

### A.   **IRS Information-Gathering Authority**

In order to encourage effective tax investigations, "Congress has endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The primary tool for gathering information is the authority of the IRS to issue administrative summonses pursuant to 26 U.S.C. § 7602. *Id.* That section authorizes the issuance of a summons to any person or entity for documents "that may be relevant" to a tax investigation. 26 U.S.C. § 7602(a)(1). This investigative authority does not depend on probable cause to suspect a violation of the

2

revenue laws but may simply amount to a "fishing expedition" by the IRS. *United States v. Giordano*, 419 F.2d 564, 568 (8th Cir. 1969) ("Taxpayer in his brief characterized the Government's efforts as a 'fishing expedition.' If so, the Secretary or his delegate has been specifically licensed to fish by § 7602."). In other words, the IRS may investigate on mere suspicion that the law is being violated or just because it wants assurance that it is not. *Powell*, 379 U.S. at 57-58.

B. **Summary Judgment Standard**

Because the court considers the declaration of Agent Haws in conjunction with Respondent's Motion to Dismiss, the court must treat Respondent's Motion to Dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to withstand a motion for summary judgment, nonmoving parties must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

C. **Discussion of Peterson's Claims**

The court will examine Peterson's stated grounds for relief in turn. First, Peterson argues the IRS failed to give him timely notice of the summonses as required by 26 U.S.C. § 7609(a)(1). Section 7609(a)(1) requires the IRS to give notice of summons "within 3 days of the day on which such service is made, but no later than

the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). Further, "[s]uch notice shall be sufficient if, on or before such third day, such notice is . . . mailed by certified or registered mail to the last known address of such person." 26 U.S.C. § 7609(a)(2).

Peterson makes the blanket assertion that he did not receive timely notice (*see* Filing No. 1 at CM/ECF p. 2), but the undisputed evidence shows that Agent Haws complied with § 7609(a)'s notice requirements. Agent Haws issued summonses to Union Bank and JP Morgan Chase on April 19, 2011, and to A&A on April 21, 2011. (Filing No. 12-1, Attach. 1, at CM/ECF p. 1; Filing No. 12-2, Attach. 2, at CM/ECF p. 1; and Filing No. 12-3, Attach. 3, at CM/ECF p. 1.) On these same dates, Agent Haws sent copies of the summonses to Peterson by certified mail. (Filing No. 12 at CM/ECF p. 2.) Peterson's signature appears on the certified mail receipts. (Filing No. 12-4, Attach. 4, at CM/ECF pp. 1-2.) Based on this undisputed evidence, the court finds that Peterson received timely notice of the third-party summonses. Accordingly, his first basis for quashing the summonses fails.

Peterson's second basis for quashing the summonses is that the IRS failed to notify him that contact with third parties would be made, and also failed to provide him with a record of parties contacted as required by 26 U.S.C. 7602(c)(1) and (c)(2). Section 7602(c)(1) states that IRS employees may not contact third parties regarding a taxpayer's tax liability "without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." 26 U.S.C. 7602(c)(1). Section 7602(c)(2) requires that a taxpayer be periodically provided a record of third parties contacted to determine the taxpayer's tax liability. 26 U.S.C. 7602(c)(2).

The undisputed evidence shows that Agent Daws sent notices to Peterson on March 8, 2011, and March 21, 2011, advising him that the IRS may contact third parties. (Filing No. 12-5, Attach. 5; Filing No. 12-6, Attach. 6.) In addition, as set forth above, it is undisputed that Agent Daws sent copies of the third-party

4

summonses to Peterson on April 19, 2011, and April 21, 2011. (Filing No. 12 at CM/ECF p. 2.) These facts show that Peterson received reasonable notice in advance that the IRS intended to contact third parties, and that the IRS provided Peterson with a record of its communication with these third parties. In light of these facts, the court finds the IRS complied with the requirements set forth in 26 U.S.C. 7602(c)(1) and (c)(2). Accordingly, Peterson's second basis for quashing the summonses fails.

Peterson's third basis for quashing the summonses is that they were issued in violation of 26 U.S.C. § 7602(d) because a referral for criminal prosecution to the Department of Justice was pending when th summonses were issued. Section 7602(d) provides that no summons may be issued in relation to an IRS investigation "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. 7602(d)(1). Agent Haws's declaration states that no referral for criminal prosecution was made to the Department of Justice with respect to Peterson. (Filing No. 12 at CM/ECF p. 3.) Peterson's unsupported allegation based on "information and belief" that a referral was pending is insufficient to establish an issue of fact in this case. *See Stoffels v. Hegarty*, 276 F. App'x 814, 816 (10th Cir. 2008) (holding that IRS agent's declaration that no Justice Department referral was pending was sufficient to establish that the summons was not impermissibly issued). Accordingly, Peterson's third basis for quashing the summonses fails.

Peterson's fourth basis for quashing the summonses is that the IRS issued summonses in multiple jurisdictions in an attempt to thwart Peterson's ability to defend against the summonses. Peterson's argument is meritless. The summonses at issue in this matter were all issued within the State of Nebraska. (*See* Filing No. 12-1, Attach. 1, at CM/ECF p. 1; Filing No. 12-2, Attach. 2, at CM/ECF p. 1; and Filing No. 12-3, Attach. 3, at CM/ECF p. 1.) Regardless, even if the IRS has issued summonses in multiple jurisdictions, "Congress has endowed the IRS with expansive information-gathering authority. " *Arthur Young & Co.*, 465 U.S. at 816. Peterson has not cited to any law, and the court is not aware of any law, forbidding the IRS

5

from issuing summonses in multiple jurisdictions. Accordingly, Peterson's fourth basis for quashing the summonses fails.

Peterson's fifth basis for quashing the summonses is that the IRS failed to meet the good faith requirements set forth in *U.S. v. Powell*, 379 U.S. 48 (1964). Under *Powell*, an IRS summons should not be quashed if (1) the IRS's investigation is being conducted for a legitimate purpose, (2) the information sought is relevant to that purpose, (3) the information sought is not already within the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. *Powell*, 379 U.S. at 57-58; *Robert v. U.S.*, 364 F.3d 988, 996 (2004).

Peterson argues the summonses run afoul of the fourth *Powell* factor for the reasons set forth in his first, second, third, and fourth causes of action (discussed above). (Filing No. 1 at CM/ECF p. 3.) However, these stated grounds for relief fail for the reasons already discussed. Furthermore, Respondent affirmatively demonstrated compliance with the *Powell* criteria. That is, Agent Haws's declaration explains that, in her capacity as a revenue agent, she was conducting an examination of Peterson's 2007 through 2009 federal income tax liabilities. The investigation was necessary because Peterson had not voluntarily filed a federal income tax return since 2001. (Filing No. 12 at CM/ECF p. 1.) The summonses she issued on behalf of the IRS sought relevant documents from Peterson's employer and other financial institutions that may show where Peterson earned his income. (*Id.* at CM/ECF p. 2.) The books, records, papers, and other data sought by the summonses were not already in the possession of the IRS. (*Id.* at CM/ECF p. 3.) Finally, as set forth above, the IRS took the proper administrative steps when it issued the summonses. For these reasons, Peterson's fifth basis for quashing the summonses fails.

Peterson's sixth basis for quashing the summonses is that they were issued in violation of federal and state privacy rights. Peterson does not identify the "privacy" laws upon which he seeks relief. Assuming Peterson's argument implicates the Right to Financial Privacy Act, the act specifically provides that "[n]othing in this chapter

6

prohibits the disclosure of financial records in accordance with procedures authorized by [the Internal Revenue Code]." 12 U.S.C. § 3413(c). In addition, the Court has held that privacy concerns related to third party summonses are ameliorated by the notice requirements of 26 U.S.C. § 7609. See *Tiffany Fine Arts, Inc. v. U.S.*, 469 U.S. 310, 316 (1985) ("To deal with the problem of a third-party summons in a case in which the IRS *knows* the identity of the taxpayer being investigated, Congress enacted §§ 7609(a) and (b); these subsections require that the IRS give notice of the summons to that taxpayer, and give the taxpayer the right to intervene in any proceeding with respect to the enforcement of such summons.") (internal quotations omitted). For these reasons, Peterson's sixth basis for quashing the summonses fails.

Peterson's final basis for quashing the summonses is that they were issued in violation of his Fourth Amendment rights. This argument also fails. "The summons provision of Title 26 has repeatedly sustained constitutional attacks based on the First, Fourth, and Fifth Amendments to the Constitution." *Spine v. U.S.*, 670 F.Supp. 217, 221 (S.D. Ohio 1987). Like the previous six, Peterson's seventh basis for quashing the summonses fails.

IT IS THEREFORE ORDERED that:

1.    The clerk's office is directed to update the docket sheet to reflect that the United States of America is the only respondent.

2.    Respondent's Motion to Dismiss (filing no. 10), construed as a motion for summary judgment, is granted. Accordingly, the IRS may proceed with enforcement of the summonses previously issued to Union Bank, JP Morgan Chase, and A&A.

3.    Peterson's Petition (Filing No. 1) is denied and this matter is dismissed with prejudice.

    4.    The court declines to exercise supplemental jurisdiction over Peterson's state-law privacy claims.

    5.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.